BUTLER v. NEW YORK CENT. & H. R. R. CO.

(Circuit Court of Appeals, Second Circuit. March 26, 1907.)

No. 170.

RAILROADS—PERSONS NEAR TRACK—DEATH.

Intestate, an intelligent girl, 16 years of age, was struck and killed by an engine as she was walking along a cinder path at the ends of the ties, which path had been used by the public as a short cut from a street to a depot. There was a semaphore so located about half the length of the path that, if one passed on the side toward the rails, he would get so close to them as to be struck by a passing engine, and this was what intestate did, without looking behind her to see whether a train was approaching, though by getting over or under the semaphore wires, and walking on some rough stones for a few steps, she could have passed the semaphore on the opposite side in safety. It was not shown that the engineer was reckless or grossly negligent in operating the train, nor in failing to anticipate that decedent would walk inside the semaphore. Held, that decedent's act constituted a violation of Railroad Law N. Y. § 53 (Laws 1892, p. 1394, c. 676), prohibiting persons not employés from walking along railroad tracks, except where the same should be laid along or across streets or highways, in which case he shall not walk on the track, unless necessary to cross the same, and that defendant was therefore not liable for decedent's death.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1285–1296.]

In Error to the Circuit Court of the United States for the Western District of New York.

This cause comes here upon writ of error to review a judgment of the Circuit Court, Western District of New York, which was entered upon a verdict directed by the court in favor of the defendant at the close of plaintiff's case. The action was brought to recover for the death of plaintiff's intestate, a bright intelligent girl, 16 years of age, who was walking alongside of that part of its track which runs diagonally across a block in the city of Niagara from Niagara street to Second street.

S. Wallace Dempsey and King, Leggett & Brown, for plaintiff in error.

C. A. Pooley and Pooley & Spratt, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. The railroad law of the state of New York (chapter 676, p. 1394, Laws 1892) provides:

"Sec. 53.   *   *   *   No person other than those connected with or employed upon the railroad shall walk upon or along its track or tracks, except where the same shall be laid across or along streets or highways, in which case he shall not walk upon the track unless necessary to cross the same."

The piece of track in question was not laid across or along a street or highway, and at or about the place where deceased was struck it was not necessary for her to cross the same.   There was evidence that a cinder path along and some two feet or more from the rails, originally intended for employés, had for a long time been used by the public as a short cut from the street to the depot.

The statute above quoted was considered in the state Court of Appeals, and it was held that—whatever might be the result of long user by the public of a crossing at a point not a street or highway—where the question concerns the user of a way along the track, no length of acquiescence could create a right of user by license or by sufferance in view of the statute, which was intended to protect the traveling public as well as the railroad companies.   "It is not easy, if at all possible, to see how any right, as by license, could be acquired through acquiescence to do something which was so clearly in violation of the statutory inhibition.   Whoever walks upon or along the tracks of a railroad, except when necessary to cross the same,   *   *   *   violates the law, and is like a trespasser, and the company's servants are under no other obligation than to refrain from willfully or recklessly injuring him.   *   *   *   As it has been shown, the use was merely for convenience in making a short cut between the streets."   Keller v. Erie R. R., 183 N. Y. 67, 75 N. E. 965.

The evidence shows that the cinder path which was outside the ends of the ties was at such a distance from the rails that a person walking on it would not be struck by any part of a passing engine or train.   At about half the length of the path there was a semaphore so located that, if one passed it on the side towards the rails, he would get so close to them as to be struck if an engine were passing at the time.   If, however, taking the trouble to get over or under the semaphore wires (it is not clear whether there were one or two of them, nor at what height from the ground) and accepting the inconvenience of walking on rough, broken stones, instead of cinders, for a few steps, he should pass the semaphore on its off side, he would be entirely safe.   The evidence does not warrant a finding that the engine driver was reckless or grossly negligent in running his train along the path upon which a person was walking at a safe distance from the rails, nor in failing to anticipate that, when the semaphore was reached, the deceased would, without any glance behind to see what the conditions were, step from a position of safety to one of deadly peril.

The judgment is affirmed.